UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY I. RHOADES,<br><br>        Plaintiff,<br><br>     v.<br><br>PFIZER, INC.,<br><br>        Defendant[*]. | No. 2:13-cv-02130-GEB-CKD<br><br>**STATUS (PRETRIAL SCHEDULING) ORDER** |

The status (pretrial scheduling) conference scheduled for hearing on January 21, 2014, is vacated since the parties' Joint Status Report filed on January 7, 2014 ("JSR") indicates the following Order should issue.

<u>DISMISSAL OF DOE DEFENDANTS</u>

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1-10 are dismissed. <u>See</u> Order Setting Status (Pretrial Scheduling) Conference filed October 16, 2013, at 2 n.2 (indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

---

[*]     The caption has been amended according to the <u>Dismissal of Doe Defendants</u> portion of this Order.

1

<u>SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court for good cause shown.

<u>DISCOVERY</u>

All discovery shall be completed by April 16, 2015. "Completed" means all discovery shall be conducted so that any dispute relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with on or before the prescribed "completion" date.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before December 15, 2014, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before February 16, 2015.

<u>MOTION HEARING SCHEDULE</u>

The last hearing date for a motion is June 1, 2015, commencing at 9:00 a.m. A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied.

<u>FINAL PRETRIAL CONFERENCE</u>

The final pretrial conference is set for August 3, 2015, at 2:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing

themselves and appearing in propria persona must attend the pretrial conference.

The parties shall file a JOINT pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. Furthermore, each party shall estimate the length of trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

Final pretrial procedures are "critical for 'promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16 Advisory Committee Note (1983 Amendment to subdivision (c)). "Toward that end, Rule 16 directs courts to use pretrial conferences to weed out unmeritorious claims and defenses before trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir. 1993). The parties are therefore provided notice that a claim or affirmative defense may be dismissed *sua sponte* if it is not shown to be triable in the joint final pretrial statement. Cf. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir.

1981) (indicating that a party shall be provided notice and an opportunity to respond with facts sufficient to justify having a claim or affirmative defense proceed to trial); <u>Portsmouth Square, Inc. v. S'holders Protective Comm.</u>, 770 F.2d 866, 869 (9th Cir. 1985) (stating "the district court has . . . authority to grant summary judgment *sua sponte* in the context of a final pretrial conference").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on November 3, 2015.

IT IS SO ORDERED.

Dated:  January 15, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4